1  NICOLA T. HANNA
   United States Attorney
2  PATRICK R. FITZGERALD
   Assistant United States Attorney
3  Chief, National Security Division
   ANNAMARTINE SALICK (Cal. Bar No. 309254)
4  Deputy Chief, Terrorism and Export Crime Section
   VALERIE L. MAKAREWICZ (Cal. Bar. No. 229637)
5  Major Frauds Section
   Assistant United States Attorneys
6      1500 United States Courthouse
       312 North Spring Street
7      Los Angeles, California 90012
       Telephone:  (213) 894-3424/0756
8      Facsimile:  (213) 894-2927
       E-mail:     Annamartine.Salick2@usdoj.gov
9                  Valerie.Makarewicz@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
11
                   UNITED STATES DISTRICT COURT
12
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
   UNITED STATES OF AMERICA,          No. CR 19-093-RGK
14
            Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
15                                    WEI XU
                 v.
16
   WEI XU,
17   aka George XU,
     aka Wade XU
18          Defendant.

19

20      1.   Subject to the approval of the Department of Justice, Tax

21 Division, this constitutes the plea agreement between WEI XU

22 ("defendant") and the United States Attorney's Office for the Central

23 District of California ("the USAO") in the above-captioned case.

24 This agreement is limited to the USAO and cannot bind any other

25 federal, state, local, or foreign prosecuting, enforcement,

26 administrative, or regulatory authorities.

27                      DEFENDANT'S OBLIGATIONS

28      2.   Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to all counts contained in the First Superseding Information in United States v. Wei Xu, CR No. 2:19-CR-093-RGK, that is attached to this agreement as Exhibit A, which charges defendant with: (1) making materially false statements to a federal agency, in violation of 18 U.S.C. § 1001; (2) unlawfully engaging in the business of dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A); (3) unlawfully possessing firearms not registered to defendant as required in the National Firearms Registration and Transfer Record ("NFRTR"), in violation of 26 U.S.C. § 5861(d); and (4) willfully attempt to evade or defeat taxes, in violation of 26 U.S.C. § 7201.

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

3.    Defendant further agrees:

    a.    To hereby forfeit to the United States of America all
of defendant's right, title, and interest in the following items:

        i.    All property listed on the attached Exhibit A.

        ii.    All property listed on the attached Exhibit B
with the notation "Forfeited" in the "Disposition" chart.    The
property listed on the attached Exhibit A and the property listed on
Exhibit B with the notation "Forfeited" is referred to herein as the
"Forfeitable Property."

        iii. With respect to the property listed on the
attached Exhibit B with the notation "Return Lawful Third Party,"
the government agrees to deliver such property to a Federal firearms
licensee who is legally entitled to receive and sell such property
(hereinafter "Authorized Dealer").    The Authorized Dealer shall
dispose of the property for the benefit of defendant.

    b.    That the Forfeitable Property shall, at the sole
election of the United States of America, be criminally forfeited or
civilly forfeited, administratively or judicially, pursuant to 18
U.S.C. § 924(d)(1) or otherwise.

    c.    To deliver to the undersigned Assistant United States
Attorneys, within fourteen (14) calendar days of defendant's
execution of this plea agreement and in a form acceptable to the
United States of America, a waiver and release of third party claims
to the Forfeitable Property whereby third parties, including Yanping
Li, waive any of their rights to contest the forfeiture of the
Forfeitable Property.

    d.    To hereby withdraw, on behalf of himself and the
defendant entities, any claim defendant or the defendant entities

3

1  submitted to the United States Department of Justice, Bureau of
2  Alcohol, Tobacco, Firearms & Explosives or any other federal agency
3  in the administrative forfeiture proceedings commenced by that agency
4  with respect to the Forfeitable Property.  Defendant and the
5  defendant entities, and each of them, further waive their respective
6  rights, if any, to any further notice relative to the administrative
7  forfeiture proceedings and understand, acknowledge and agree that
8  defendant and the defendant entities' interests in the Forfeitable
9  Property shall be administratively forfeited to the United States of
10 America without any further notice.

11        e.   To refrain from contesting the forfeiture (by filing a
12 claim, statement of interest, petition for an ancillary proceeding,
13 petition for remission or otherwise) of the Forfeitable Property in
14 any administrative or judicial proceeding, or assisting any other
15 person or entity in falsely contesting the forfeiture of the
16 Forfeitable Property in any administrative or judicial proceeding.

17        f.   To take all steps necessary to pass to the United
18 States of America clear title to the Forfeitable Property, including,
19 without limitation, the execution of a consent decree of forfeiture,
20 and the completion of any other legal documents required for the
21 transfer of title to the Forfeitable Property to the United States of
22 America.

23        g.   To the Court's entry of an order of forfeiture at or
24 before sentencing with respect to the Forfeitable Property and to the
25 forfeiture of the Forfeitable Property.  Defendant knowingly and
26 voluntarily waives:  (i) the requirements of Federal Rules of
27 Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture
28 in the charging instrument, announcement of the forfeiture at

4

sentencing and incorporation of the forfeiture in the judgment; (ii)
all constitutional and statutory challenges in any manner (including
by direct appeal, habeas corpus or any other means) to any forfeiture
carried out in accordance with this agreement on any grounds; and
(iii) all constitutional, legal and equitable defenses to the
forfeiture of the Forfeitable Property in any proceeding on any
grounds including, without limitation, that the forfeiture
constitutes an excessive fine or punishment.  Defendant also
acknowledges that defendant understands that the forfeiture of the
Forfeitable Property is part of the sentence that may be imposed in
this case and waives any failure by the Court to advise defendant of
this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty
pleas are accepted.

      h.   To forfeiture of the Forfeitable Property not being
counted toward satisfaction of any special assessment, fine,
restitution, or any other penalty the Court may impose, or being
counted toward satisfaction of any taxes, penalties, or interest owed
to the Internal Revenue Service.

    4.   Make full restitution at or before the time of sentencing.
Defendant will not seek the discharge of any restitution obligation,
in whole or in part, in any present or future bankruptcy proceeding.

    5.   Defendant admits that, among other things, defendant failed
to report income, claimed improper losses, and claimed improper
deductions and credits to which he was not entitled for years 2005
through 2017.  Defendant agrees to cooperate with the Internal
Revenue Service in the determination of defendant's true tax
liability for years 2005 through 2017.  Defendant agrees that:

a.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for years 2005 through 2017.

b.    Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

c.    Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service ("IRS") to assess and collect tax liabilities totaling $86,332 ($6,799 for 2013, $19,107 for 2014, $19,646 for 2015, $21,161 for 2016, and $19,619 for 2017), as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

d.    In connection with signing the above-referenced closing agreements, defendant will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the 2005 through 2017 tax years.

e.    Defendant will pay, at or before sentencing, all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the assessments.

f.    Defendant will not, after entering into the above-referenced closing agreements, file any claim for refund of taxes, penalties or interest for amounts attributable to the returns filed in connection with this plea agreement.

1      g.    Defendant will agree and not oppose the imposition of
2   the following conditions of probation or supervised release: that
3   defendant shall cooperate with the payment of all delinquent federal
4   and state taxes, and any related penalties and interest that may be
5   imposed; that defendant shall truthfully and timely file and pay
6   taxes during the period of supervised release, and that defendant
7   will show proof to the Probation Officer of compliance with the
8   aforementioned conditions of supervised release.

9      6.    Defendant further agrees to cooperate fully with the USAO,
10  the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol,
11  Tobacco, Firearms, and Explosives ("ATF"), IRS, and, as directed by
12  the USAO, any other federal, state, local, or foreign prosecuting,
13  enforcement, administrative, or regulatory authority.  This
14  cooperation requires defendant to:

15     a.    Respond truthfully and completely to all questions
16  that may be put to defendant, whether in interviews, before a grand
17  jury, or at any trial or other court proceeding.

18     b.    Attend all meetings, grand jury sessions, trials or
19  other proceedings at which defendant's presence is requested by the
20  USAO or compelled by subpoena or court order.

21     c.    Produce voluntarily all documents, records, or other
22  tangible evidence relating to matters about which the USAO, or its
23  designee, inquires.

24     d.    If requested to do so by the USAO, act in an
25  undercover capacity to the best of defendant's ability in connection
26  with criminal investigations by federal, state, local, or foreign law
27  enforcement authorities, in accordance with the express instructions
28  of those law enforcement authorities.  Defendant agrees not to act in

7

an undercover capacity, tape record any conversations, or gather any

evidence except after a request by the USAO and in accordance with

express instructions of federal, state, local, or foreign law

enforcement authorities.

7.    For purposes of this agreement: (1) "Cooperation

Information" shall mean any statements made, or documents, records,

tangible evidence, or other information provided, by defendant

pursuant to defendant's cooperation under this; and (2) "Plea

Information" shall mean any statements made by defendant, under oath,

at the guilty plea hearing and the agreed to factual basis statement

in this agreement.

THE USAO'S OBLIGATIONS

8.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained

in this agreement.

c.    At the time of sentencing, move to dismiss the

remaining counts of the underlying indictment as against defendant.

Defendant agrees, however, that at the time of sentencing the Court

may consider any dismissed charges in determining the applicable

Sentencing Guidelines range, the propriety and extent of any

departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant

demonstrates an acceptance of responsibility for the offenses up to

and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

additional one-level reduction if available under that section.

1          e.     With respect to Count Three of the First Superseding

2   Information: not seek a sentence of imprisonment above the mid-point

3   of the applicable Sentencing Guidelines range, provided that the

4   offense level used by the Court to determine that range is 21 or

5   higher and provided that the Court does not depart downward in

6   offense level or criminal history category.  For purposes of this

7   agreement, the mid-point of the Sentencing Guidelines range is that

8   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A,

9   without regard to reductions in the term of imprisonment that may be

10  permissible through the substitution of community confinement or home

11  detention as a result of the offense level falling within Zone B or

12  Zone C of the Sentencing Table.

13          9.     The USAO further agrees:

14          a.     Not to offer as evidence in its case-in-chief in the

15  above-captioned case or any other criminal prosecution that may be

16  brought against defendant by the USAO, or in connection with any

17  sentencing proceeding in any criminal case that may be brought

18  against defendant by the USAO, any Cooperation Information.

19  Defendant agrees, however, that the USAO may use both Cooperation

20  Information and Plea Information: (1) to obtain and pursue leads to

21  other evidence, which evidence may be used for any purpose, including

22  any criminal prosecution of defendant; (2) to cross-examine defendant

23  should defendant testify, or to rebut any evidence offered, or

24  argument or representation made, by defendant, defendant's counsel,

25  or a witness called by defendant in any trial, sentencing hearing, or

26  other court proceeding; and (3) in any criminal prosecution of

27  defendant for false statement, obstruction of justice, or perjury.

28

9

b.    Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.    In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d.    If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 through 7, above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

### DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

10.  Defendant understands the following:

a.    Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

10

1        b. Nothing in this agreement requires the USAO or any
2    other prosecuting, enforcement, administrative, or regulatory
3    authority to accept any cooperation or assistance that defendant may
4    offer, or to use it in any particular way.

5        c. Defendant cannot withdraw defendant's guilty pleas if
6    the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a
7    reduced guideline range or if the USAO makes such a motion and the
8    Court does not grant it or if the Court grants such a USAO motion but
9    elects to sentence above the reduced range.

10       d. At this time the USAO makes no agreement or
11   representation as to whether any cooperation that defendant has
12   provided or intends to provide constitutes or will constitute
13   substantial assistance.  The decision whether defendant has provided
14   substantial assistance will rest solely within the exclusive judgment
15   of the USAO.

16       e. The USAO's determination whether defendant has
17   provided substantial assistance will not depend in any way on whether
18   the government prevails at any trial or court hearing in which
19   defendant testifies or in which the government otherwise presents
20   information resulting from defendant's cooperation.

21                 NATURE OF THE OFFENSES

22     11. Defendant understands that for defendant to be guilty of
23   the crime charged in count one, that is, making materially false
24   statements to a federal agency, in violation of Title 18, United
25   States Code, Section 1001, the following must be true:  (1) defendant
26   used a writing that contained a false statement; (2) the writing was
27   made in a matter within the jurisdiction of the Office of Personal
28   Management ("OPM"); (3) defendant acted willfully; that is, defendant

acted deliberately and with knowledge both that the statement was
untrue and that his or her conduct was unlawful; and (4) the writing
was material to the activities or decisions of OPM; that is, it had a
natural tendency to influence, or was capable of influencing, the
agency's decisions or activities.

12.   Defendant understands that for defendant to be guilty of
the crime charged in count two, that is, unlawfully engaging in the
business of dealing in firearms, in Title 18, United States Code,
Section 922(a)(1)(A), the following must be true: (1) defendant was
willfully engaged in the business of dealing firearms within the
dates specified in the First Superseding Information; and (2)
defendant did not then have a license as a firearms dealer.

13.   Defendant understands that for defendant to be guilty of
the crime charged in count three, that is, unlawfully possessing
firearms not registered to defendant as required in the NFRTR, in
violation of Title 26, United States Code, Section 5681(d), the
following must be true:   (1) defendant knowingly possessed the 46
firearms described in Exhibit B; and (2) defendant was aware that the
firearms described in Exhibit B were machineguns and short-barreled
rifles; (3) the firearms were (or could readily have been put) in
operating condition; and (4) defendant had not registered the
firearms described in Exhibit B with the NFRTR.

14.   Defendant understands that for defendant to be guilty of
the crime charged in Count Four, that is, willful evasion or
defeating of income tax, in violation of Title 26, United States
Code, Section 7201, the following must be true:   (1) defendant owed
more federal income tax for the calendar year 2016 than was declared
due on the defendant's income tax return for that calendar year; (2)

defendant knew that more federal income tax was owed than was declared due on the defendant's income tax return; (3) defendant made an affirmative attempt to evade or defeat such additional tax; and (4) in attempting to evade or defeat such additional tax, defendant acted willfully. A defendant acts willfully when defendant knows that federal tax law imposed a duty on defendant and defendant intentionally and voluntarily violated that duty.

### PENALTIES

15. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1001, is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, which ever is greatest; and a mandatory special assessment of $100.00. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(a)(1)(a), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, which ever is greatest; and a mandatory special assessment of $100.00. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 5861(d), is: ten years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, which ever is greatest; and a mandatory special assessment of $100.00. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7201, is: five years' imprisonment; a three-year period of

supervised release; a fine of $250,000 or twice the gross gain or
gross loss resulting from the offense, which ever is greatest; and a
mandatory special assessment of $100.00.

16.   Defendant understands, therefore, that the total maximum
sentence for all offenses to which defendant is pleading guilty is:
25 years' imprisonment; a three-year period of supervised release; a
fine of $1,000,000 or twice the gross gain or gross loss resulting
from the offenses, whichever is greatest; and a mandatory special
assessment of $400.00.

17.   Defendant understands and agrees that the Court: (a) may
order defendant to pay restitution in the form of any additional
taxes, interest, and penalties that defendant owes to the United
States based upon the count of conviction and any relevant conduct;
and (b) must order defendant to pay the costs of prosecution, which
may be in addition to the statutory maximum fine stated above. The
parties currently believe that the applicable amount of restitution
is approximately $128,407, but recognize and agree that this amount
could change based on facts that come to the attention of the parties
prior to sentencing.

18.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

14

1       19.  Defendant understands that, by pleading guilty, defendant

2 may be giving up valuable government benefits and valuable civic

3 rights, such as the right to vote, the right to possess a firearm,

4 the right to hold office, and the right to serve on a jury.

5 Defendant understands that once the court accepts defendant's guilty

6 plea, it will be a federal felony for defendant to possess a firearm

7 or ammunition.  Defendant understands that the conviction in this

8 case may also subject defendant to various other collateral

9 consequences, including but not limited to revocation of probation,

10 parole, or supervised release in another case and suspension or

11 revocation of a professional license.  Defendant understands that

12 unanticipated collateral consequences will not serve as grounds to

13 withdraw defendant's guilty plea.

14      20.  Defendant understands that, if defendant is not a United

15 States citizen, the felony conviction in this case may subject

16 defendant to: removal, also known as deportation, which may, under

17 some circumstances, be mandatory; denial of citizenship; and denial

18 of admission to the United States in the future.  The court cannot,

19 and defendant's attorney also may not be able to, advise defendant

20 fully regarding the immigration consequences of the felony conviction

21 in this case.  Defendant understands that unexpected immigration

22 consequences will not serve as grounds to withdraw defendant's guilty

23 plea.

24                             FACTUAL BASIS

25      21.  Defendant admits that defendant is, in fact, guilty of the

26 offenses to which defendant is agreeing to plead guilty.  Defendant

27 and the USAO agree to the statement of facts and agree that this

28 statement of facts is sufficient to support pleas of guilty to the

charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 29 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

22.   Prior to his arrest, defendant was employed as a sworn law enforcement officer with United States Customs and Border Protection ("CBP").  As part of his employment, defendant submitted three SF-86 Questionnaires to the Office of Personnel Management ("OPM")—a federal agency that oversees applications for security clearances for federal government employees—in order to obtain and maintain a SECRET-level security clearance.  In each of the three SF-86 Questionnaires, defendant willfully made materially false statements under penalty of perjury regarding his foreign financial interests and foreign contacts.  Specifically, in his 2003, 2011, and 2015 SF-86 Questionnaires, defendant denied maintaining close and continuing contacts with foreign nationals, denied ever having had a foreign financial interest, and denied having, in the last 7 years, any type of business venture with a foreign national.

23.   As defendant knew at the time he submitted the three SF-86 Questionnaires, defendant was employed as an accounts manager for an auto parts import company based in China.  As part of his work, defendant imported auto parts from China, sold the auto parts to distributors in the United States, collected a commission for his work, and remitted the profit to his China-based business partners.  Contrary to defendant's false statements on the SF-86 Questionnaires, defendant operated the business ventures with foreign nationals and had near daily contact with his China-based business associates.

1 | Defendant knew that the false information he provided OPM was
2 | material to OPM's decision, such that his false denials would affect
3 | OPM's decision to grant or deny his security clearance applications.

4 |     24.   Defendant also willfully and unlawfully engaged in the
5 | business of dealing firearms without the required Federal Firearms
6 | License ("FFL"), since the late 1990s and continuing through the date
7 | of his arrest.  Defendant sold at least 99 firearms.  To increase his
8 | profit margin, defendant exploited his status as a law enforcement
9 | officer to purchase and sell firearms that are unavailable to the
10 | general public in California, known as "off-roster" handguns; sold
11 | firearms he purchased in Arizona using a fraudulently-obtained
12 | Arizona driver's license, which are unlawful to possess or transfer
13 | in California; and operated several online profiles to sell firearms
14 | on Internet marketplaces.

15 |     25.   In July and August of 2018, defendant sold four firearms to
16 | an ATF Undercover Employee ("UCE"), whom the defendant met on an
17 | Internet firearms marketplace.  Over the course of four meetings,
18 | defendant unlawfully sold the UCE an off-roster handgun; two assault-
19 | style rifles and multiple high capacity magazines, which are illegal
20 | to possess or transfer under California law; and an unregistered,
21 | short-barreled rifle.  Defendant also advised the UCE on how to
22 | convert a semi-automatic firearm into a fully-automatic firearm.

23 |     26.   A search of defendant's residence on February 5, 2019,
24 | recovered more than 250 firearms, including 41 fully-automatic
25 | firearms or machineguns and two additional short-barreled rifles, all
26 | of which, as the defendant knew, are unlawful to possess unless the
27 | firearms are registered with the ATF.  According to ATF records,
28 | defendant never registered any firearm with the ATF.

27.   Defendant also willfully attempted to evade and defeat income tax due and owing by him and his spouse to the United States for the taxable years 2005 through 2017, by committing the following affirmative acts, among others.

a.   Defendant incorporated Trans Pacific Group, Inc. ("TPG") in Florida that allegedly imported auto-parts. Starting in 2007, defendant reported to the IRS that he was TPG's sole shareholder, but in 2013, changed to report that his spouse was its sole shareholder.  From 2007 through 2017, defendant had TPG's Forms 1120S, *U.S. Income Tax Return for an S Corporation*, prepared and filed by a tax preparer, though defendant provided all information used to prepare TPG's returns. In 2018, defendant prepared and filed TPG's 2017 Form 1120S return himself.  From 2007 through 2017, TPG claimed an ordinary business loss.  Because either defendant or his spouse were claimed as TPG's sole shareholders, TPG's ordinary business loss for each year was reported on defendant's Form 1040, *U.S. Individual Income Tax Return*, for that same year, which defendant and his spouse jointly filed or caused to be filed electronically. TPG's yearly ordinary business loss offset, dollar for dollar, the amount of ordinary income defendant and his spouse earned and were taxed upon.

b.   In truth and in fact, TPG was a sham corporation that defendant used as a means to claim fictional ordinary business losses to offset his ordinary income and fraudulently evade tax due to the IRS.  Defendant created fictional expenses in amount larger than the fictitious income for TPG, which generated a fictitious loss that defendant reported or caused to be reported on TPG's Forms 1120S electronically filed with the IRS. Because defendant reported that

the sole shareholders of TPG were himself and his spouse, TPG's
ordinary losses flowed through to defendant's Forms 1040 that he
filed or caused to be filed with the IRS, offset the ordinary income
they earned, and reduced the amount of tax defendant and his spouse
reported and paid to the IRS.

c.    Defendant also operated a firearms business without a
license.    Defendant sold firearms to third-parties within weeks
(often days) of purchasing them, acquired large amounts of certain
models of firearms with the intent to sell them, and operated two
internet accounts to advertise his inventory for sale.  Defendant
failed to report the income earned from the sales of firearms to
third-parties to the IRS on his Forms 1040 that he filed or caused to
be filed with the IRS.  As defendant was selling his inventory
illegally and without a federal firearms license, defendant agrees
that he is not now entitled to claim any expenses or cost of goods
sold to offset the income he earned from selling firearms.

d.    From 2005 through 2017, defendant claimed unreimbursed
employee business deductions on Schedules A filed with his Forms 1040
for expenses that he claimed were necessary to his employment as a
CBP employee.  In fact, defendant's claimed expenses were related to
personal activities and/or were not necessary to his employment with
CBP, as CBP provided all tools, equipment, and other items necessary
for defendant to do his job.  From at least 2008 through 2017,
defendant also claimed expenses related to his illegal firearm
business as unreimbursed employee business expenses, knowing that he
could not, in fact, claim expenses from an illegal business. In an
audit of his 2013 Form 1040, defendant lied to four IRS officials, a
revenue agent, an appeals officer, a paralegal, and an attorney with

the IRS's Office of Chief Counsel, by falsely stating that the unreimbursed employee business expenses that he had claimed on his 2013 Schedule A filed with the IRS were necessary to his employment as a CBP officer, but unreimbursed by CBP.  In fact, the "expenses" defendant willfully claimed as Schedule A unreimbursed business expenses that he filed or caused to be filed with the IRS were 1) related to his illegal gun business; 2) personal in nature; and/or 3) not required for his work as a CBP officer.

    e.    Defendant owned a rental property in Norwalk, California, that he rented to tenants from 2013 to 2017.  However, during this time, defendant either willfully under-reported (2013) or omitted (2014-2017) the rental income earned from this property on his Forms 1040 that he filed or caused a tax return preparer to prepare and file.  Further, when defendant sold the Norwalk property in 2017, defendant willfully failed to report the sale to the IRS on his Form 1040 that he filed or caused a tax return preparer to prepare and file, and failed to pay the capital gain he realized from the sale.

    f.    Defendant's spouse partially owns a rental property in Santa Fe Springs, California with a Chinese national, and beginning in 2015, defendant and his spouse rented it to tenants. Defendant willfully failed to report the earned income from the rental of this property on Schedule E filed with his Forms 1040 for 2015 through 2017 that he filed or caused a tax return preparer to prepare and file.

    g.    Defendant agrees that for each of the years 2005 through 2017, defendant owed more federal income tax than was declared due on the defendant's income tax returns for said years;

(2) defendant knew that more federal income tax was owed than was declared due on the defendant's income tax returns; (3) defendant made affirmative attempts to evade or defeat such additional taxes; and (4) in attempting to evade or defeat such additional tax, defendant acted willfully.  For purposes of calculating the tax loss attributed to defendant's actions described above, which defendant took from 2005 to 2017, the parties agree that total federal tax loss is $128,407. The parties agree to the applicability of an additional 2 level increase for sophisticated means under U.S.S.G. § 2T1.1(b)(2), because pursuant to Application Note 5 of U.S.S.G. § 2T1.1, defendant's use of TPG, a corporate shell/fictitious entity, was sophisticated.

## SENTENCING FACTORS

28.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

29.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 18 | U.S.S.G. § 2K2.1(a)(5) |
|---|---|---|
| Specific Offense Characteristics, Offense Involving 25-99 Firearms | 6 | U.S.S.G. § 2K2.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

30.    Except as set forth in paragraph 8(e) above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors.    Except as set forth in paragraph 8(e), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustments, departures, and variances.

31.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

32.    Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.    The right to persist in a plea of not guilty.

        b.    The right to a speedy and public trial by jury.

        c.    The right to be represented by counsel — and if necessary have the court appoint counsel - at trial.    Defendant understands, however, that, defendant retains the right to be represented by counsel — and if necessary have the court appoint counsel — at every other stage of the proceeding.

22

1      d.    The right to be presumed innocent and to have the
2  burden of proof placed on the government to prove defendant guilty
3  beyond a reasonable doubt.

4      e.    The right to confront and cross-examine witnesses
5  against defendant.

6      f.    The right to testify and to present evidence in
7  opposition to the charges, including the right to compel the
8  attendance of witnesses to testify.

9      g.    The right not to be compelled to testify, and, if
10  defendant chose not to testify or present evidence, to have that
11  choice not be used against defendant.

12      h.    Any and all rights to pursue any affirmative defenses,
13  Fourth Amendment or Fifth Amendment claims, and other pretrial
14  motions that have been filed or could be filed.

15                    WAIVER OF APPEAL OF CONVICTION

16      33.   Defendant understands that, with the exception of an appeal
17  based on a claim that defendant's guilty pleas were involuntary, by
18  pleading guilty defendant is waiving and giving up any right to
19  appeal defendant's convictions on the offenses to which defendant is
20  pleading guilty. Defendant understands that this waiver includes, but
21  is not limited to, arguments that the statutes to which defendant is
22  pleading guilty are unconstitutional, and any and all claims that the
23  statement of facts provided herein is insufficient to support
24  defendant's pleas of guilty.

25                 LIMITED WAIVER OF APPEAL OF SENTENCE

26      34.   Defendant agrees that, provided the Court imposes a total
27  term of imprisonment on all counts of conviction of no more than 25
28  years' imprisonment, defendant gives up the right to appeal all of

                              23

1  the following: (a) the procedures and calculations used to determine
2  and impose any portion of the sentence; (b) the term of imprisonment
3  imposed by the Court; (c) the fine imposed by the court, provided it
4  is within the statutory maximum; (d) to the extent permitted by law,
5  the constitutionality or legality of defendant's sentence, provided
6  it is within the statutory maximum; (e) the term of probation or
7  supervised release imposed by the Court, provided it is within the
8  statutory maximum; (f) the amount and terms of any restitution order,
9  provided it requires payment of no more than $128,407; and (g) any of
10 the following conditions of probation or supervised release imposed
11 by the Court: the conditions set forth in General Order 18-10 of this
12 Court; the drug testing conditions mandated by 18 U.S.C.
13 §§ 3563(a)(5) and 3583(d).

## RESULT OF WITHDRAWAL OF GUILTY PLEA

15     35.    Defendant agrees that if, after entering guilty pleas
16 pursuant to this agreement, defendant seeks to withdraw and succeeds
17 in withdrawing defendant's guilty pleas on any basis other than a
18 claim and finding that entry into this plea agreement was
19 involuntary, then (a) the USAO will be relieved of all of its
20 obligations under this agreement, including in particular its
21 obligations regarding the use of Cooperation Information; and (b) in
22 any investigation, criminal prosecution, or civil, administrative, or
23 regulatory action, defendant agrees that any Cooperation Information
24 and any evidence derived from any Cooperation Information shall be
25 admissible against defendant, and defendant will not assert, and
26 hereby waives and gives up, any claim under the United States
27 Constitution, any statute, or any federal rule, that any Cooperation

28

1  Information or any evidence derived from any Cooperation Information
2  should be suppressed or is inadmissible.

3                      EFFECTIVE DATE OF AGREEMENT

4      36.   This agreement is effective upon signature and execution of
5  all required certifications by defendant, defendant's counsel, and an
6  Assistant United States Attorney.

7                        BREACH OF AGREEMENT

8      37.   Defendant agrees that if defendant, at any time after the
9  signature of this agreement and execution of all required
10 certifications by defendant, defendant's counsel, and an Assistant
11 United States Attorney, knowingly violates or fails to perform any of
12 defendant's obligations under this agreement ("a breach"), the USAO
13 may declare this agreement breached.  For example, if defendant
14 knowingly, in an interview, before a grand jury, or at trial, falsely
15 accuses another person of criminal conduct or falsely minimizes
16 defendant's own role, or the role of another, in criminal conduct,
17 defendant will have breached this agreement.  All of defendant's
18 obligations are material, a single breach of this agreement is
19 sufficient for the USAO to declare a breach, and defendant shall not
20 be deemed to have cured a breach without the express agreement of the
21 USAO in writing.  If the USAO declares this agreement breached, and
22 the Court finds such a breach to have occurred, then:

23          a.   If defendant has previously entered guilty pleas
24 pursuant to this agreement, defendant will not be able to withdraw
25 the guilty pleas.

26          b.   The USAO will be relieved of all its obligations under
27 this agreement; in particular, the USAO: (i) will no longer be bound
28 by any agreements concerning sentencing and will be free to seek any

                                 25

1   sentence up to the statutory maximum for the crimes to which
2   defendant has pleaded guilty; (ii) will no longer be bound by any
3   agreements regarding criminal prosecution, and will be free to
4   criminally prosecute defendant for any crime, including charges that
5   the USAO would otherwise have been obligated to dismiss; and
6   (iii) will no longer be bound by any agreement regarding the use of
7   Cooperation Information and will be free to use any Cooperation
8   Information in any way in any investigation, criminal prosecution, or
9   civil, administrative, or regulatory action.

10          c.    The USAO will be free to criminally prosecute
11   defendant for false statement, obstruction of justice, and perjury
12   based on any knowingly false or misleading statement by defendant.

13          d.    In any investigation, criminal prosecution, or civil,
14   administrative, or regulatory action: (i) defendant will not assert,
15   and hereby waives and gives up, any claim that any Cooperation
16   Information was obtained in violation of the Fifth Amendment
17   privilege against compelled self-incrimination; and (ii) defendant
18   agrees that any Cooperation Information and any Plea Information, as
19   well as any evidence derived from any Cooperation Information or any
20   Plea Information, shall be admissible against defendant, and
21   defendant will not assert, and hereby waives and gives up, any claim
22   under the United States Constitution, any statute, Rule 410 of the
23   Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
24   Criminal Procedure, or any other federal rule, that any Cooperation
25   Information, any Plea Information, or any evidence derived from any
26   Cooperation Information or any Plea Information should be suppressed
27   or is inadmissible.

28

1    38. Following the Court's finding of a knowing breach of this
2  agreement by defendant, should the USAO choose to pursue any charge
3  that was either dismissed or not filed as a result of this agreement,
4  then:

5         a. Defendant agrees that any applicable statute of
6  limitations is tolled between the date of defendant's signing of this
7  agreement and the filing commencing any such action.

8         b. Defendant waives and gives up all defenses based on
9  the statute of limitations, any claim of pre-indictment delay, or any
10  speedy trial claim with respect to any such action, except to the
11  extent that such defenses existed as of the date of defendant's
12  signing this agreement.

13                COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
14                            OFFICE NOT PARTIES

15    39. Defendant understands that the Court and the United States
16  Probation and Pretrial Services Office are not parties to this
17  agreement and need not accept any of the USAO's sentencing
18  recommendations or the parties' agreements to facts or sentencing
19  factors.

20    40. Defendant understands that both defendant and the USAO are
21  free to: (a) supplement the facts by supplying relevant information
22  to the United States Probation and Pretrial Services Office and the
23  Court, and (b) correct any and all factual misstatements relating to
24  the Court's Sentencing Guidelines calculations and determination of
25  sentence. While this paragraph permits both the USAO and defendant
26  to submit full and complete factual information to the United States
27  Probation and Pretrial Services Office and the Court, even if that
28  factual information may be viewed as inconsistent with the facts

1  agreed to in this agreement, this paragraph does not affect
2  defendant's and the USAO's obligations not to contest the facts
3  agreed to in this agreement.

4      41.  Defendant understands that even if the Court ignores any
5  sentencing recommendation, finds facts or reaches conclusions
6  different from those agreed to, and/or imposes any sentence up to the
7  maximum established by statute, defendant cannot, for that reason,
8  withdraw defendant's guilty pleas, and defendant will remain bound to
9  fulfill all defendant's obligations under this agreement.  Defendant
10 understands that no one -- not the prosecutor, defendant's attorney,
11 or the Court -- can make a binding prediction or promise regarding
12 the sentence defendant will receive, except that it will be within
13 the statutory maximum.

14                    NO ADDITIONAL AGREEMENTS

15     42.  Defendant understands that, except as set forth herein,
16 there are no promises, understandings, or agreements between the USAO
17 and defendant or defendant's attorney, and that no additional
18 promise, understanding, or agreement may be entered into unless in a
19 writing signed by all parties or on the record in court.

20 ///
21 ///
22
23
24
25
26
27
28

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

43.    The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the
entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney


_____        _7-11-2019_____
ANNAMARTINE SALICK                        Date
VALERIE L. MAKAREWICZ
Assistant United States Attorneys


_____        _____
WEI XU                                    Date
Defendant


_____        _____
MARK WERKSMAN                             Date
Attorney for Defendant Wei Xu

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2    43.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    NICOLA T. HANNA
     United States Attorney

9

10

11   ANNAMARTINE SALICK                          Date
     VALERIE L. MAKAREWICZ
12   Assistant United States Attorneys
                                                 July 9. 2019
13   WEI XU                                       Date
     Defendant
14                                               7/9/19
15   MARK WERKSMAN                               Date
     Attorney for Defendant Wei Xu

16

17

18

19

20

21

22

23

24

25

26

27

28

                              29

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough
time to review and consider this agreement, and I have carefully and
thoroughly discussed every part of it with my attorney.  I understand
the terms of this agreement, and I voluntarily agree to those terms.
I have discussed the evidence with my attorney, and my attorney has
advised me of my rights, of possible pretrial motions that might be
filed, of possible defenses that might be asserted either prior to or
at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charges and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____     _____
Wei Xu                              Date  July 9. 2019
Defendant

30

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Wei Xu's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

MARK WERKSMAN                                    Date 7/a/19
Attorney for Defendant Wei Xu

31

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-093-RGK |
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1001(a): False Statements to a Federal Agency; 18 U.S.C. § 922(a)(1)(A): Dealing Firearms Without a License; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; and 26 U.S.C. § 7201: Willful Attempt to Evade or Defeat Tax] |
| WEI XU, aka George XU, aka Wade XU, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1001(a)]

On or about June 8, 2015, defendant WEI XU ("XU"), also known as "George Xu" and "Wade Xu," in Los Angeles County, within the Central District of California, did willfully and knowingly make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, when defendant falsely stated, under penalty of perjury, that he did not have any foreign financial interests or

1  close and continuing foreign contacts in the SF-86 Questionnaire

2  he submitted to the United States Office of Personnel Management

3  to obtain a SECRET-level security clearance, at Long Beach,

4  California.   The statements and representations were false

5  because, as defendant XU then and there knew, defendant XU was

6  an U.S. business representative for a Chinese auto parts export

7  business and had near-weekly contact with his China-based

8  business associates, whom defendant XU did not report as

9  required on his SF-86 Questionnaire.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before January 1, 2014, and continuing through on or about February 5, 2019, in Los Angeles County, within the Central District of California, defendant WEI XU ("XU"), also known as "George Xu" and "Wade Xu," not being licensed as an importer, manufacturer, or dealer of firearms, within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

                              COUNT THREE

                         [26 U.S.C. § 5861(d)]

     On or about February 5, 2019, defendant WEI XU ("XU"), also known as "George Xu" and "Wade Xu," in Los Angeles County, within the Central District of California, knowingly received and possessed the below list of firearms, which defendant XU knew to be firearms, specifically 41 machineguns and two short-barreled rifles, as defined in Title 26, United States Code, Sections 5845(a)(3), 5845(a)(6), 5845(b), and 5845(c), and which had not been registered to defendant XU in the National Firearms Registration and Transfer Record in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

| Type | ATF Number | Description |
| --- | --- | --- |
| Machinegun | 19-ATF-011448 | DC Industries NDS-3 Rifle CAL:762 SN:3005688 |
| Machinegun | 19-ATF-011452 | Norinco (North China Industries) 84S-1 Rifle CAL:223 SN:322357 |
| Machinegun | 19-ATF-011492 | L.A.R. Manufacturing Grizzly 15 Rifle CAL:Multi SN:LX003529 |
| Machinegun | 19-ATF-011494 | DC Industries NDS-3 Rifle CAL:762 SN:3005701 |
| Machinegun | 19-ATF-011497 | Coharie Arms CA89-40 Pistol CAL:40 SN:DHB012 |
| Machinegun | 19-ATF-011498 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:E20627 |
| Machinegun | 19-ATF-011499 | Ammo Bros DEFCON-15 Rifle CAL:556 SN:AB00233 |
| Machinegun | 19-ATF-011508 | Century Arms International C93 Sporter Rifle CAL:556 SN:C9301766 |
| Machinegun | 19-ATF-011513 | Stag Arms STAG-15 Rifle CAL:556 SN:28373 |
| Machinegun | 19-ATF-011514 | Yankee Hill Machine Co. Inc. YHM-15 Rifle CAL:Multi SN:YH9844 |
| Machinegun | 19-ATF-011517 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None |
| Machinegun | 19-ATF-011518 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:21339 |
| Machinegun | 19-ATF-011521 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:7118346 |
| Machinegun | 19-ATF-011522 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:KT-0488 |

| Type | ATF Number | Description |
|------|------------|-------------|
| Machinegun | 19-ATF-011525 | DC Industries NDS-3 Rifle CAL:762 SN:3005401 |
| Machinegun | 19-ATF-011527 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:G01217 |
| Machinegun | 19-ATF-011531 | Unknown Manufacturer En MK II Rifle CAL:Unknown SN:12T4795 |
| Machinegun | 19-ATF-011533 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:E94571 |
| Machinegun | 19-ATF-011534 | Sweden Unknown Rifle CAL:Unknown SN:600476 |
| Machinegun | 19-ATF-011540 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None |
| Machinegun | 19-ATF-011555 | Coharie Arms CA89 Pistol CAL:9 SN:BHB047 |
| Machinegun | 19-ATF-011557 | Coharie Arms CA89 Pistol CAL:9 SN:BID007 |
| Machinegun | 19-ATF-011573 | DPMS Inc. (Defense Procurement Mfg. Services) A15 Rifle CAL:223 SN:F054614K |
| Machinegun | 19-ATF-011588 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:AR0841 |
| Machinegun | 19-ATF-011606 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:38244 |
| Machinegun | 19-ATF-011607 | Nodak Arms, Inc NDS-25F Rifle CAL:545 SN:K001099 |
| Machinegun | 19-ATF-011611 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None |
| Machinegun | 19-ATF-011624 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:05765 |
| Machinegun | 19-ATF-011635 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None |
| Machinegun | 19-ATF-011872 | DPMS Inc. (Defense Procurement Mfg. Services) A15 Rifle CAL:223 SN:F056049K |
| Machinegun | 19-ATF-012102 | Machine Gun Conversion Kit Drop In Auto Sear CAL: Unknown SN: None |
| Machinegun | 19-ATF-012106 | Gorjunov SGM 43 Machine Gun CAL:762 SN:ZE1109 |
| Machinegun | 19-ATF-012107 | Drop In Auto Sear Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012108 | Drop In Auto Sear Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012109 | Glock Swtich Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012111 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012112 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012114 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012115 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |

| Type | ATF Number | Description |
|------|-----------|-------------|
| Machinegun | 19-ATF-012116 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |
| Machinegun | 19-ATF-012118 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None |
| Short-Barreled Rifle | 19-ATF-011556 | Lewis Machine and Tool Co.  Defender 2000 Rifle CAL:556 SN:LMT32078 |
| Short-Barreled Rifle | 19-ATF-011631 | Group Industries HR4332S Rifle CAL:9 SN:502558 |

6

COUNT FOUR

[26 U.S.C. § 7201]

On or about February 18, 2017, defendant WEI XU ("XU"), also known as "George Xu" and "Wade Xu," in Los Angeles County, within the Central District of California, willfully attempted to evade and defeat income tax due and owing by him and his spouse to the United States of America, for the calendar year 2016, by preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service.  On that tax return, defendant XU reported and caused to be reported that his and his spouse's joint taxable income for the calendar year 2016 was $134,471, and that the amount of tax due and owing was $8,279.  In fact, as defendant XU knew, defendant XU and his spouse had joint taxable income for the calendar year 2016 that was greater than the amount reported on the tax return, and as a result of such additional taxable

//

//

//

7

1  income, there was additional tax due and owing to the United

2  States of America.

3                                   NICOLA T. HANNA
                                    United States Attorney
4

5

6                                   STEPHANIE S. CHRISTENSEN
                                    Assistant United States Attorney
7                                   Acting Chief, National Security
                                    Division
8
                                    BRANDON D. FOX
9                                   Assistant United States Attorney
                                    Chief, Criminal Division
10
                                    CHRISTOPHER D. GRIGG
11                                  Assistant United States Attorney
                                    Chief, Terrorism and Export
12                                  Crimes Section

13                                  RANEE A. KATZENSTEIN
                                    Assistant United States Attorney
14                                  Chief, Major Frauds Section

15                                  ANNAMARTINE SALICK
                                    Assistant United States Attorney
16                                  Deputy Chief, Terrorism and
                                    Export Crimes Section
17
                                    VALERIE L. MAKAREWICZ
18                                  Assistant United States Attorney
                                    Major Frauds Section
19

20

21

22

23

24

25

26

27

28

                                    8

# EXHIBIT B

| No. | Type | ATF Number | Description | Reason for Forfeiture or Return | Disposition |
|-----|------|-----------|-------------|-------------------------------|-------------|
| 1 | Machinegun | 19-ATF-011448 | DC Industries NDS-3 Rifle CAL:762 SN:3005688 | Unlawful Unregistered National Firearms Act Firearm ("Unlawful NFA") | Forfeited |
| 2 | Machinegun | 19-ATF-011452 | Norinco (North China Industries) 84S-1 Rifle CAL:223 SN:322357 | Unlawful NFA | Forfeited |
| 3 | Machinegun | 19-ATF-011492 | L.A.R. Manufacturing Grizzly 15 Rifle CAL:Multi SN:LX003529 | Unlawful NFA | Forfeited |
| 4 | Machinegun | 19-ATF-011494 | DC Industries NDS-3 Rifle CAL:762 SN:3005701 | Unlawful NFA | Forfeited |
| 5 | Machinegun | 19-ATF-011497 | Coharie Arms CA89-40 Pistol CAL:40 SN:DHB012 | Unlawful NFA | Forfeited |
| 6 | Machinegun | 19-ATF-011498 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:E20627 | Unlawful NFA | Forfeited |
| 7 | Machinegun | 19-ATF-011499 | Ammo Bros DEFCON-15 Rifle CAL:556 SN:AB00233 | Unlawful NFA | Forfeited |
| 8 | Machinegun | 19-ATF-011508 | Century Arms International C93 Sporter Rifle CAL:556 SN:C9301766 | Unlawful NFA | Forfeited |
| 9 | Machinegun | 19-ATF-011513 | Stag Arms STAG-15 Rifle CAL:556 SN:28373 | Unlawful NFA | Forfeited |
| 10 | Machinegun | 19-ATF-011514 | Yankee Hill Machine Co. Inc. YHM-15 Rifle CAL:Multi SN:YH9844 | Unlawful NFA | Forfeited |
| 11 | Machinegun | 19-ATF-011517 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None | Unlawful NFA | Forfeited |
| 12 | Machinegun | 19-ATF-011518 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:21339 | Unlawful NFA | Forfeited |
| 13 | Machinegun | 19-ATF-011521 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:7118346 | Unlawful NFA | Forfeited |
| 14 | Machinegun | 19-ATF-011522 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:KT-0488 | Unlawful NFA | Forfeited |

| 15 | Machinegun | 19-ATF-011525 | DC Industries NDS-3 Rifle CAL:762 SN:3005401 | Unlawful NFA | Forfeited |
| 16 | Machinegun | 19-ATF-011527 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:G01217 | Unlawful NFA | Forfeited |
| 17 | Machinegun | 19-ATF-011531 | Unknown Manufacturer En MK II Rifle CAL:Unknown SN:12T4795 | Unlawful NFA | Forfeited |
| 18 | Machinegun | 19-ATF-011533 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:E94571 | Unlawful NFA | Forfeited |
| 19 | Machinegun | 19-ATF-011534 | Sweden Unknown Rifle CAL:Unknown SN:600476 | Unlawful NFA | Forfeited |
| 20 | Machinegun | 19-ATF-011540 | Unknown Manufacturer Unknown Rifle CAL:Unknown SN:None | Unlawful NFA | Forfeited |
| 21 | Machinegun | 19-ATF-011555 | Coharie Arms CA89 Pistol CAL:9 SN:BHB047 | Unlawful NFA | Forfeited |
| 22 | Machinegun | 19-ATF-011557 | Coharie Arms CA89 Pistol CAL:9 SN:BID007 | Unlawful NFA | Forfeited |
| 23 | Machinegun | 19-ATF-011573 | DPMS Inc. (Defense Procurement Mfg. Services) A15 Rifle CAL:223 SN:F0546I4K | Unlawful NFA | Forfeited |
| 24 | Machinegun | 19-ATF-011588 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:AR0841 | Unlawful NFA | Forfeited |
| 25 | Machinegun | 19-ATF-011606 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:38244 | Unlawful NFA | Forfeited |
| 26 | Machinegun | 19-ATF-011607 | Nodak Arms, Inc NDS-25F Rifle CAL:545 SN:K001099 | Unlawful NFA | Forfeited |
| 27 | Machinegun | 19-ATF-011611 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None | Unlawful NFA | Forfeited |
| 28 | Machinegun | 19-ATF-011624 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:05765 | Unlawful NFA | Forfeited |
| 29 | Machinegun | 19-ATF-011635 | Unknown Manufacturer Unknown Machine Gun CAL:Unknown SN:None | Unlawful NFA | Forfeited |
| 30 | Machinegun | 19-ATF-011872 | DPMS Inc. (Defense Procurement Mfg. Services) A15 Rifle CAL:223 SN:F056049K | Unlawful NFA | Forfeited |
| 31 | Machinegun | 19-ATF-012102 | Machine Gun Conversion Kit Drop In Auto Sear CAL: Unknown SN: None | Unlawful NFA | Forfeited |

| 32 | Machinegun | 19-ATF-012106 | Gorjunov SGM 43 Machine Gun CAL:762 SN:ZE1109 | Unlawful NFA | Forfeited |
| 33 | Machinegun | 19-ATF-012107 | Drop In Auto Sear Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 34 | Machinegun | 19-ATF-012108 | Drop In Auto Sear Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 35 | Machinegun | 19-ATF-012109 | Glock Swtich Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 36 | Machinegun | 19-ATF-012111 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 37 | Machinegun | 19-ATF-012112 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 38 | Machinegun | 19-ATF-012114 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 39 | Machinegun | 19-ATF-012115 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 40 | Machinegun | 19-ATF-012116 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 41 | Machinegun | 19-ATF-012118 | Glock Switch Machine Gun Conversion Kit CAL: Unknown SN: None | Unlawful NFA | Forfeited |
| 42 | Short-Barreled Rifle | 19-ATF-011556 | Lewis Machine and Tool Co. Defender 2000 Rifle CAL:556 SN:LMT32078 | Unlawful NFA | Forfeited |
| 43 | Short-Barreled Rifle | 19-ATF-011631 | Group Industries HR4332S Rifle CAL:9 SN:502558 | Unlawful NFA | Forfeited |

| | | | | Unlawful NFA | |
|---|---|---|---|---|---|
| 44 | Silencer | 19-ATF-011440-A | Silencer attached to Ruger 10/22 Rifle CAL:22 SN:243-54295 | | Forfeited |
| 45 | Pistol | 19-ATF-011501 | Beretta USA Corp Cx4 Storm Pistol CAL:40 SN:CR00547 | Unlawful California Assault Weapon ("CA AW") | Forfeited |
| 46 | Pistol | 19-ATF-011535 | Walther PPQ Pistol CAL:45 SN:FAK3732 | Off roster handgun under California law ("off roster") | Forfeited |
| 47 | Pistol | 19-ATF-011536 | Heckler and Koch P2000 Pistol CAL:9 SN:116-001908 | Per agreement | Return lawful third party |
| 48 | Pistol | 19-ATF-011537 | Unknown Manufacturer Unknown Pistol CAL:Unknown SN:95837 | Imported firearm purchased out of state ("out of state") | Forfeited |
| 49 | Pistol | 19-ATF-011542 | CZ (Ceska Zbrojovka) CZ P-09 Pistol CAL:9 SN:B556114 | Per agreement | Forfeited |
| 50 | Pistol | 19-ATF-011545 | Walther PPK Pistol CAL:380 SN:4228BAK | Per agreement | Forfeited |
| 51 | Pistol | 19-ATF-011550 | Glock Inc. 27 Pistol CAL:40 SN:BZA882US | Per agreement | Return lawful third party |
| 52 | Pistol | 19-ATF-011551 | Heckler and Koch P2000 Pistol CAL:9 SN:116-030402 | Per agreement | Forfeited |
| 53 | Pistol | 19-ATF-011558 | Glock Inc. 34 Pistol CAL:9 SN:HKM972 | Per agreement | Return lawful third party |
| 54 | Pistol | 19-ATF-011559 | Citadel M1911-A1FS Pistol CAL:9 SN:CIT041079 | Per agreement | Return lawful third party |

| 55 | Pistol | Heckler and Koch P2000 Pistol CAL:9 SN:116-031012 | Per agreement | Forfeited |
| 56 | Pistol | Sig-Sauer P232 SL Pistol CAL:9 SN:S260327 | Per agreement | Forfeited |
| 57 | Pistol | Glock Inc. 22 Pistol CAL:40 SN:EBR912US | Per agreement | Return lawful third party |
| 58 | Pistol | Smith & Wesson Detective Special Pistol CAL:38 SN:P13471 | Out of state | Forfeited |
| 59 | Pistol | Beretta USA Corp 95 Pistol CAL:40 SN:BER383313 | Per agreement | Return lawful third party |
| 60 | Pistol | Glock Inc. 23 Pistol CAL:40 SN:AKT261US | Per agreement | Forfeited |
| 61 | Pistol | Heckler and Koch P7M8 Pistol CAL:9 SN:16-133056 | Per agreement | Forfeited |
| 62 | Pistol | CZ (Ceska Zbrojovka) C275 P-07 Duty Pistol CAL:9 SN:B310434 | Per agreement | Return lawful third party |
| 63 | Pistol | Heckler and Koch P30L Pistol CAL:9 SN:213-015589 | Per agreement | Forfeited |
| 64 | Pistol | FNH USA, LLC. Unknown Pistol CAL:5.7 SN:386208390 | Per agreement | Return lawful third party |
| 65 | Pistol | Glock Inc. 22 Pistol CAL:40 SN:BBL111US | Per agreement | Forfeited |
| 66 | Pistol | Beretta USA Corp 92FS Pistol CAL:9 SN:BER199564Z | Per agreement | Return lawful third party |
| 67 | Pistol | Sig-Sauer P239 Pistol CAL:9 SN:SA-30775 | Out of state | Forfeited |
| 68 | Pistol | Sig-Sauer 1911 Pistol CAL:45 SN:GS20425 | Per agreement | Forfeited |
| 69 | Pistol | Smith & Wesson 6906 Pistol CAL:9 SN:VDM7042 | Out of state | Forfeited |

| | | | | | |
|---|---|---|---|---|---|
| 70 | Pistol | 19-ATF-011589 | Beretta USA Corp PX4 Storm Pistol CAL:9 SN:PX8047R | Per agreement | Return lawful third party |
| 71 | Pistol | 19-ATF-011590 | Heckler and Koch P2000SK Pistol CAL:40 SN:122-002376 | Per agreement | Forfeited |
| 72 | Pistol | 19-ATF-011591 | Heckler and Koch P2000 Pistol CAL:40 SN:123-074416 | Per agreement | Return lawful third party |
| 73 | Pistol | 19-ATF-011593 | Sig-Sauer P239 Pistol CAL:9 SN:SBU002523 | Per agreement | Forfeited |
| 74 | Pistol | 19-ATF-011594 | CZ (Ceska Zbrojovka) CZ75 BD Pistol CAL:9 SN:B601315 | Per agreement | Return lawful third party |
| 75 | Pistol | 19-ATF-011595 | CZ (Ceska Zbrojovka) CZ2075 D Rami Pistol CAL:9 SN:B654771 | Per agreement | Forfeited |
| 76 | Pistol | 19-ATF-011596 | CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN:C208121 | Per agreement | Return lawful third party |
| 77 | Pistol | 19-ATF-011600 | CZ (Ceska Zbrojovka) CZ P-10 C Pistol CAL:9 SN:C235998 | Per agreement | Forfeited |
| 78 | Pistol | 19-ATF-011601 | Beretta, Pietro S.P.A. 70S Pistol CAL:380 SN:A21675Y | No record of purchase in CA | Forfeited |
| 79 | Pistol | 19-ATF-011604 | Browning Hi Power Pistol CAL:9 SN:511ZT51881 | Per agreement | Return lawful third party |
| 80 | Pistol | 19-ATF-011614 | Heckler and Koch P30L Pistol CAL:9 SN:213-010930 | Per agreement | Forfeited |
| 81 | Pistol | 19-ATF-011626 | CZ (Ceska Zbrojovka) CZ75 Compact Pistol CAL:9 SN:A478181 | Per agreement | Return lawful third party |
| 82 | Pistol | 19-ATF-011630 | Sig-Sauer P365 Pistol CAL:9 SN:66A019493 | Off roster | Forfeited |
| 83 | Pistol | 19-ATF-011632 | CZ (Ceska Zbrojovka) CZ75 P-01 Pistol CAL:9 SN:A022811 | Per agreement | Forfeited |

| | | | | |
|---|---|---|---|---|
| 84 | Pistol | Glock Inc. 26 Pistol CAL:9 SN:BRX010US | Per agreement | Return lawful third party |
| 85 | Pistol | Heckler and Koch USP9 Compact Pistol CAL:9 SN:27-180803 | Per agreement | Forfeited |
| 86 | Pistol | Walther P5 Pistol CAL:9 SN:016474 | No record of purchase in CA | Forfeited |
| 87 | Pistol | Glock Inc. 43 Pistol CAL:9 SN:BFUB480 | Off roster | Forfeited |
| 88 | Pistol | Beretta, Pietro S.P.A. 92F Compact Pistol CAL:9 SN:D42710Z | Per agreement | Return lawful third party |
| 89 | Pistol | Heckler and Koch Unknown Pistol CAL:9 SN:57856 | Per agreement | Forfeited |
| 90 | Pistol | Beretta USA Corp 92FS Vertec Pistol CAL:9 SN:BER407718 | Per agreement | Return lawful third party |
| 91 | Pistol | Beretta USA Corp 96 Brigadier Pistol CAL:40 SN:BER221285 | Per agreement | Forfeited |
| 92 | Pistol | Sig-Sauer P320 Pistol CAL:9 SN:58C032520 | No record of purchase in CA/Off roster | Forfeited |
| 93 | Pistol | Zastava 70 Pistol CAL:765 SN:301644 | Per agreement | Return lawful third party |
| 94 | Pistol | Beretta USA Corp 92SB Compact Pistol CAL:9 SN:E16958Z | Per agreement | Forfeited |
| 95 | Pistol | Sig Sauer (Sig-Arms) P6 Pistol CAL:9 SN:M410473 | Per agreement | Forfeited |
| 96 | Pistol | Beretta USA Corp Px4 Storm Pistol CAL:40 SN:PY154998 | Per agreement | Return lawful third party |
| 97 | Pistol | Glock Inc. 21 Pistol CAL:45 SN:WDD311 | Per agreement | Forfeited |

| | | | | | |
|---|---|---|---|---|---|
| 98 | Pistol | 19-ATF-011831 | Kahr Arms - Auto Ordnance P9 Pistol CAL:9 SN:YA7970 | No record of purchase in CA | Forfeited |
| 99 | Pistol | 19-ATF-011832 | Heckler and Koch P30L Pistol CAL:40 SN:221-004145 | Per agreement | Forfeited |
| 100 | Pistol | 19-ATF-011839 | Norinco (North China Industries) 213 Pistol CAL:9 SN:611283 | Per agreement | Return lawful third party |
| 101 | Pistol | 19-ATF-011846 | Heckler and Koch VP9 Pistol CAL:9 SN:224-120061 | Off roster | Forfeited |
| 102 | Pistol | 19-ATF-011849 | Sig Sauer (Sig-Arms) P6 Pistol CAL:9 SN:M525006 | Per agreement | Return lawful third party |
| 103 | Pistol | 19-ATF-011851 | Heckler and Koch P30L Pistol CAL:9 SN:213-004054 | Per agreement | Forfeited |
| 104 | Pistol | 19-ATF-011853 | Sig Sauer (Sig-Arms) P220 Pistol CAL:45 SN:G249829 | Per agreement | Return lawful third party |
| 105 | Pistol | 19-ATF-011854 | Glock Inc. 17GEN4 Pistol CAL:9 SN:BACS799 | Per agreement | Forfeited |
| 106 | Pistol | 19-ATF-011855 | LW Seecamp Unknown Pistol CAL:32 SN:033190 | No record of purchase in CA | Forfeited |
| 107 | Pistol | 19-ATF-011857 | CZ (Ceska Zbrojovka) CZ P-09 Pistol CAL:9 SN:B673286 | No record of purchase in CA | Forfeited |
| 108 | Pistol | 19-ATF-011858 | Heckler and Koch P2000SK Pistol CAL:9 SN:121-017372 | Per agreement | Return lawful third party |
| 109 | Pistol | 19-ATF-011859 | Glock Inc. 19GEN4 Pistol CAL:9 SN:BBKS392 | Per agreement | Forfeited |
| 110 | Pistol | 19-ATF-011860 | Sig Sauer (Sig-Arms) P250 Pistol CAL:9 SN:EAU006843 | Per agreement | Return lawful third party |
| 111 | Pistol | 19-ATF-011863 | CZ (Ceska Zbrojovka) CZ75 D Pistol CAL:9 SN:B450695 | Per agreement | Forfeited |

| | | | | |
|---|---|---|---|---|
| 112 | Pistol | 19-ATF-011864 | F.N. Herstal PS90 Pistol CAL:5.7x28 SN:FN063641 | No record of purchase in CA | Forfeited |
| 113 | Pistol | 19-ATF-011865 | CZ (Ceska Zbrojovka) CZ75 SP-01 Pistol CAL:9 SN:C129965 | Per agreement | Return lawful third party |
| 114 | Pistol | 19-ATF-011867 | Walther PPQ Pistol CAL:9 SN:FBB6332 | No record of purchase in CA | Forfeited |
| 115 | Pistol | 19-ATF-011868 | CZ (Ceska Zbrojovka) CZ75 SP-01 Phantom Pistol CAL:9 SN:C286043 | Off roster | Forfeited |
| 116 | Pistol | 19-ATF-011869 | CZ (Ceska Zbrojovka) CZ75 P-01 Pistol CAL:9 SN:B507294 | Per agreement | Return lawful third party |
| 117 | Pistol | 19-ATF-011870 | Glock Inc. 17 Pistol CAL:9 SN:BGFE132 | Per agreement | Forfeited |
| 118 | Pistol | 19-ATF-011873 | Heckler and Koch VP9 Pistol CAL:9 SN:224-008235 | No record of purchase in CA | Forfeited |
| 119 | Pistol | 19-ATF-011875 | Glock Inc. 19GEN5 Pistol CAL:9 SN:BGFL418 | Off roster | Forfeited |
| 120 | Pistol | 19-ATF-011877 | Armscorp USA (Armscorp of America) 45 Pistol CAL:45 SN:AP240160 | Per agreement | Return lawful third party |
| 121 | Pistol | 19-ATF-011879 | Browning Unknown Pistol CAL:Unknown SN:511ZV51946 | Per agreement | Return lawful third party |
| 122 | Pistol | 19-ATF-011881 | Heckler and Koch P30 Pistol CAL:40 SN:219-001564 | Per agreement | Forfeited |
| 123 | Pistol | 19-ATF-011886 | Browning Unknown Pistol CAL:Unknown SN:245NX82824 | Per agreement | Return lawful third party |
| 124 | Pistol | 19-ATF-011887 | Browning Unknown Pistol CAL:Unknown SN:511ZX51075 | Per agreement | Forfeited |

| 125 | Pistol | 19-ATF-011888 | Kahr Arms - Auto Ordnance PM9 Pistol CAL:9 SN:1D2902 | Per agreement | Return lawful third party |
|-----|--------|---------------|------|------|------|
| 126 | Pistol | 19-ATF-011891 | Armscorp USA (Armscorp of America) AB31924 Pistol CAL:9 SN:BMK06678 | No record of purchase in CA | Forfeited |
| 127 | Pistol | 19-ATF-011892 | Walther P99C AS Pistol CAL:9 SN:FBA0876 | Per agreement | Return lawful third party |
| 128 | Pistol | 19-ATF-011893 | Smith & Wesson 3904 Pistol CAL:9 SN:TCW8881 | Per agreement | Forfeited |
| 129 | Pistol | 19-ATF-011894 | Walther P99C AS Pistol CAL:9 SN:FBC4390 | Per agreement | Return lawful third party |
| 130 | Pistol | 19-ATF-011895 | CZ (Ceska Zbrojovka) C275 B Pistol CAL:9 SN:B610020 | Per agreement | Forfeited |
| 131 | Pistol | 19-ATF-011896 | Beretta Pietro S.P.A. PX4 Storm Pistol CAL:Unknown SN:PZ1388A. | No record of purchase in CA | Forfeited |
| 132 | Pistol | 19-ATF-011897 | Makarov P64 Pistol CAL:9 SN:HK08818 | Per agreement | Return lawful third party |
| 133 | Pistol | 19-ATF-011898 | CZ (Ceska Zbrojovka) CZ Shadow 2 Pistol CAL:9 SN:C583080 | Off roster | Forfeited |
| 134 | Pistol | 19-ATF-011899 | CZ (Ceska Zbrojovka) C275 P-01 Pistol CAL:9 SN:B867057 | Per agreement | Forfeited |
| 135 | Pistol | 19-ATF-011900 | Sig Sauer (Sig-Arms) P320 Pistol CAL:9 SN:58C331727 | No record of purchase in CA | Forfeited |
| 136 | Pistol | 19-ATF-011901 | Smith & Wesson 3906 Pistol CAL:9 SN:TCY8646 | Per agreement | Return lawful third party |
| 137 | Pistol | 19-ATF-011902 | CZ (Ceska Zbrojovka) C275 B Pistol CAL:40 SN:B693162 | Per agreement | Forfeited |

| | | | | |
|---|---|---|---|---|
| 138 | Pistol | 19-ATF-011904 | CAI TTC Pistol CAL:762 SN:OZ9311953 | No record of purchase in CA | Forfeited |
| 139 | Pistol | 19-ATF-011905 | Heckler and Koch P2000 Pistol CAL:40 SN:123-014262 | Per agreement | Forfeited |
| 140 | Pistol | 19-ATF-011906 | Glock Inc. 19X Pistol CAL:9 SN:BGWT483 | Off roster | Forfeited |
| 141 | Pistol | 19-ATF-011907 | Springfield Armory, Geneseo, IL XD40 Pistol CAL:40 SN:MG106623 | Per agreement | Return lawful third party |
| 142 | Pistol | 19-ATF-011908 | Smith & Wesson 6906 Pistol CAL:9 SN:THB5543 | Per agreement | Return lawful third party |
| 143 | Pistol | 19-ATF-011909 | CZ (Ceska Zbrojovka) CZ75 Tactical Sport Pistol CAL:9 SN:C288024 | Off roster | Forfeited |
| 144 | Pistol | 19-ATF-011910 | Beretta, Pietro S.P.A. 84BB Pistol CAL:9 SN:D88450Y | Per agreement | Forfeited |
| 145 | Pistol | 19-ATF-011911 | Heckler and Koch P9S Pistol CAL:9 SN:107707 | No record of purchase in CA | Forfeited |
| 146 | Pistol | 19-ATF-011912 | Sig Sauer (Sig-Arms) P320 Pistol CAL:9 SN:58B178139 | No record of purchase in CA | Forfeited |
| 147 | Pistol | 19-ATF-011915 | Smith & Wesson 5906 Pistol CAL:9 SN:TVU9784 | Per agreement | Forfeited |
| 148 | Pistol | 19-ATF-011916 | Glock Inc. 45 Pistol CAL:9 SN:BHZE781 | Per agreement | Return lawful third party |
| 149 | Pistol | 19-ATF-011917 | Beretta USA Corp 92FS Vertec Pistol CAL:9 SN:BER310971 | Per agreement | Forfeited |
| 150 | Pistol | 19-ATF-011918 | Kahr Arms - Auto Ordnance P9 Pistol CAL:9 SN:EA7981 | Per agreement | Return lawful third party |
| 151 | Pistol | 19-ATF-011919 | Beretta, Pietro S.P.A. Px4 Storm Pistol CAL:Unknown SN:PX137979 | Per agreement | Forfeited |

| | | | | | |
|---|---|---|---|---|---|
| 152 | Pistol | 19-ATF-011920 | CZ (Ceska Zbrojovka) CZ Shadow 2 Pistol CAL:9 SN:C541439 | No record of purchase in CA | Forfeited |
| 153 | Pistol | 19-ATF-011923 | CZ (Ceska Zbrojovka) CZ75 BD Pistol CAL:9 SN:B489653 | Per agreement | Return lawful third party |
| 154 | Pistol | 19-ATF-011924 | Heckler and Koch P7M8 Pistol CAL:9 SN:90550 | No record of purchase in CA | Forfeited |
| 155 | Pistol | 19-ATF-011925 | Glock Inc. 43 Pistol CAL:9 SN:ZSY030 | No record of purchase in CA/Off roster | Forfeited |
| 156 | Pistol | 19-ATF-011926 | Beretta USA Corp 92FS Pistol CAL:9 SN:BER239369 | Per agreement | Forfeited |
| 157 | Pistol | 19-ATF-011927 | Diamondback Arms Inc. DB380 Pistol CAL:380 SN:ZC5271 | Per agreement | Return lawful third party |
| 158 | Pistol | 19-ATF-011928 | Kahr Arms- Auto Ordnance P380 380 SN:RB7363 | Per agreement | Forfeited |
| 159 | Pistol | 19-ATF-011929 | Kahr Arms- Auto Ordnance P40 Pistol CAL:40 SN:ZA5303 | No record of purchase in CA | Forfeited |
| 160 | Pistol | 19-ATF-011930 | Kahr Arms - Auto Ordnance P40 Pistol CAL:40 SN:FD0345 | Per agreement | Return lawful third party |
| 161 | Pistol | 19-ATF-011931 | Glock Inc. 36 Pistol CAL:45 SN:NZE639 | No record of purchase in CA | Forfeited |
| 162 | Pistol | 19-ATF-011932 | Walther P99 AS Pistol CAL:9 SN:FBC6253 | Per agreement | Forfeited |
| 163 | Pistol | 19-ATF-011933 | Heckler and Koch P2000SK Pistol CAL:9 SN:121-011828 | Per agreement | Forfeited |
| 164 | Pistol | 19-ATF-011934 | FNH USA, LLC FNS-9 Pistol CAL:9 SN:GKU0026265 | No record of purchase in CA | Forfeited |

| # | Type | ATF Number | Description | Disposition | Action |
|---|---|---|---|---|---|
| 165 | Pistol | 19-ATF-011935 | Smith & Wesson SW99 Pistol CAL:45 SN:SAD0889 | Per agreement | Return lawful third party |
| 166 | Pistol | 19-ATF-011936 | Glock Inc. 19 Pistol CAL:9 SN:AAA0205 | Per agreement | Forfeited |
| 167 | Pistol | 19-ATF-011937 | Glock Inc. 22 Pistol CAL:40 SN:HYN489 | Per agreement | Return lawful third party |
| 168 | Pistol | 19-ATF-011938 | Kahr Arms – Auto Ordnance P9 Pistol CAL:9 SN:YD3884 | Per agreement | Forfeited |
| 169 | Pistol | 19-ATF-011939 | Smith & Wesson 3913 Pistol CAL:9 SN:VCS1537 | Per agreement | Return lawful third party |
| 170 | Pistol | 19-ATF-011940 | Glock Inc. 34 Pistol CAL:9 SN:TMY043 | Per agreement | Forfeited |
| 171 | Pistol | 19-ATF-011941 | Glock Inc. 17 Pistol CAL:9 SN:HUY880 | Per agreement | Return lawful third party |
| 172 | Pistol | 19-ATF-011942 | Smith & Wesson 3913 Pistol CAL:9 SN:VBF1364 | Per agreement | Forfeited |
| 173 | Pistol | 19-ATF-011943 | Glock Inc. 35 Pistol CAL:40 SN:NGK035 | Per agreement | Return lawful third party |
| 174 | Pistol | 19-ATF-011944 | Sig Sauer (Sig-Arms) P250 Pistol CAL:40 SN:EAK025412 | Per agreement | Forfeited |
| 175 | Pistol | 19-ATF-011945 | Smith & Wesson M&P 40 Pistol CAL:40 SN:DUF7494 | Per agreement | Return lawful third party |
| 176 | Pistol | 19-ATF-011946 | Heckler & Koch Inc. P2000 Pistol CAL:40 SN:123-028876 | Per agreement | Forfeited |
| 177 | Pistol | 19-ATF-011947 | FNH USA, LLC FNP9 Pistol CAL:9 SN:61BMP11996 | Per agreement | Return lawful third party |
| 178 | Pistol | 19-ATF-011948 | Makarov 9 x 18 Pistol CAL:9 SN:BU6184 | No record of purchase in CA | Forfeited |

| 179 | Pistol | 19-ATF-011949 | CZ (Ceska Zbrojovka) M 52 Pistol CAL:762 SN:CB07298 | Per agreement | Forfeited |
| 180 | Pistol | 19-ATF-012062 | CZ (Ceska Zbrojovka) P-10 C Pistol CAL:9 SN:C678603 | No record of purchase in CA | Forfeited |
| 181 | Pistol | 19-ATF-012074 | Star, Bonifacio Echeverria SA Pistol CAL:9 SN:B236943 | No record of purchase in CA | Forfeited |
| 182 | Pistol | 19-ATF-012076 | Beretta USA Corp U22 Neos Pistol CAL:22 SN:P55117 | Per agreement | Return lawful third party |
| 183 | Pistol | 19-ATF-012078 | Daewoo DP51 Pistol CAL:9 SN:BA200536 | Per agreement | Forfeited |
| 184 | Pistol | 19-ATF-012080 | Maadi Company Helwan Pistol CAL:9 SN:1127699 | Per agreement | Return lawful third party |
| 185 | Pistol | 19-ATF-012083 | Beretta USA Corp 8000 Cougar Pistol CAL:9 SN:002980MC | No record of purchase in CA | Forfeited |
| 186 | Pistol | 19-ATF-012084 | Smith & Wesson 4566TSW Pistol CAL:45 SN:VJF9341 | Per agreement | Forfeited |
| 187 | Pistol | 19-ATF-012085 | Heckler and Koch P2000 Pistol CAL:9 SN:1116-029556 | Per agreement | Return lawful third party |
| 188 | Pistol | 19-ATF-012086 | Heckler and Koch P2000 Pistol CAL:9 SN:116-049186 | Per agreement | Forfeited |
| 189 | Pistol | 19-ATF-012087 | Beretta USA Corp 96 Pistol CAL:40 SN:BER352276 | Per agreement | Return lawful third party |
| 190 | Pistol | 19-ATF-012088 | Astra 1916 Pistol CAL:32 SN:63899 | No record of purchase in CA | Forfeited |
| 191 | Pistol | 19-ATF-012089 | Beretta USA Corp 92FS Pistol CAL:9 SN:BER175635 | Per agreement | Return lawful third party |

| # | Type | ID | Description | Note | Disposition |
|---|------|-----|-------------|------|-------------|
| 192 | Pistol | 19-ATF-012090 | Star, Bonifacio Echeverria Unknown Pistol CAL:9 SN:2011682 | No record of purchase in CA | Forfeited |
| 193 | Pistol | 19-ATF-012095 | Zastava M57 Pistol CAL:762 SN:50974 | No record of purchase in CA | Forfeited |
| 194 | Pistol | 19-ATF-012096 | Heckler and Koch P30 Pistol CAL:9 SN:129-004463 | No record of purchase in CA | Forfeited |
| 195 | Pistol | 19-ATF-012097 | Sig Sauer (Sig-Arms) P6 Pistol CAL:9 SN:M430032 | Per agreement | Forfeited |
| 196 | Pistol | 19-ATF-012100 | Beretta USA Corp 92FS Pistol CAL:9 SN:BER380305 | No record of purchase in CA | Forfeited |
| 197 | Pistol | 19-ATF-012101 | Beretta USA Corp 92FS Pistol CAL:9 SN:BER335858 | No record of purchase in CA | Forfeited |
| 198 | Pistol | 19-ATF-012129 | Keltec, CNC Industries, Inc Unknown Pistol CAL:32 SN:10243 | Per agreement | Return lawful third party |
| 199 | Pistol | 19-ATF-012135 | Ruger LCP Pistol CAL:380 SN:371-32989 | Per agreement | Forfeited |
| 200 | Pistol | 19-ATF-012137 | Kahr Arms - Auto Ordnance CW40 Pistol CAL:40 SN:ZB3040 | Per agreement | Return lawful third party |
| 201 | Pistol | 19-ATF-012140 | CZ (Ceska Zbrojovka) CZ75 SP-01 Pistol CAL:9 SN:B732575 | Per agreement | Forfeited |
| 202 | Revolver | 19-ATF-011538 | Smith & Wesson 681 Revolver CAL:357 SN:BES0218 | Per agreement | Return lawful third party |
| 203 | Revolver | 19-ATF-011543 | Smith & Wesson M49-2 Revolver CAL:Unknown SN:BNV1104 | Per agreement | Forfeited |
| 204 | Revolver | 19-ATF-011549 | Smith & Wesson 642-1 Revolver CAL:Unknown SN:CPV0278 | Per agreement | Return lawful third party |

| 205 | Revolver | 19-ATF-011556 | Smith & Wesson 60-4 Revolver CAL:38 SN:BNE0515 | Per agreement | Forfeited |
| 206 | Revolver | 19-ATF-011567 | Smith & Wesson 686-3 Revolver CAL:38 SN:BKF8773 | Per agreement | Return lawful third party |
| 207 | Revolver | 19-ATF-011569 | Smith & Wesson 67 Revolver CAL:38 SN:5K21124 | Per agreement | Forfeited |
| 208 | Revolver | 19-ATF-011571 | Smith & Wesson 66-3 Revolver CAL:357 SN:128K294 | Per agreement | Forfeited |
| 209 | Revolver | 19-ATF-011584 | Smith & Wesson 19 Revolver CAL:357 SN:141K056 | Per agreement | Return lawful third party |
| 210 | Revolver | 19-ATF-011618 | Smith & Wesson 64-5 Revolver CAL:38 SN:BFT3953 | Per agreement | Return lawful third party |
| 211 | Revolver | 19-ATF-011622 | Smith & Wesson 64-5 Revolver CAL:38 SN:CBY6191 | No record of purchase in CA | Forfeited |
| 212 | Revolver | 19-ATF-011639 | Smith & Wesson 19 Revolver CAL:357 SN:BKE1131 | Per agreement | Forfeited |
| 213 | Revolver | 19-ATF-011816 | Smith & Wesson 686-1 Revolver CAL:357 SN:AIR0647 | No record of purchase in CA | Forfeited |
| 214 | Revolver | 19-ATF-011833 | Smith & Wesson 66-1 Revolver CAL:357 SN:87K0677 | No record of purchase in CA | Forfeited |
| 215 | Revolver | 19-ATF-011837 | Smith & Wesson 686 Revolver CAL:357 SN:ACZ8238 | Per agreement | Forfeited |
| 216 | Revolver | 19-ATF-011843 | Smith & Wesson 10-6 Revolver CAL:38 SN:D351565 | Per agreement | Return lawful third party |
| 217 | Revolver | 19-ATF-011848 | Ruger GP100 Revolver CAL:357 SN:175-07058 | Per agreement | Return lawful third party |
| 218 | Revolver | 19-ATF-011850 | Colt Python Revolver CAL:357 SN:E24398 | Per agreement | Forfeited |

| | | | | | |
|---|---|---|---|---|---|
| 219 | Revolver | 19-ATF-011903 | Smith & Wesson 66-1 Revolver CAL:357 SN:77K7776 | Per agreement | Return lawful third party |
| 220 | Revolver | 19-ATF-011913 | Smith & Wesson 640 Revolver CAL:38 SN:BKN3076 | Per agreement | Forfeited |
| 221 | Revolver | 19-ATF-011914 | Smith & Wesson 10-5 Revolver CAL:38 SN:D713400 | Per agreement | Return lawful third party |
| 222 | Revolver | 19-ATF-011921 | Colt Trooper MKIII Revolver CAL:357 SN:69677J | Per agreement | Forfeited |
| 223 | Revolver | 19-ATF-011922 | Smith & Wesson 686-6 Revolver CAL:357 SN:CXY7427 | Per agreement | Return lawful third party |
| 224 | Revolver | 19-ATF-012091 | Smith & Wesson 10-8 Revolver CAL:38 SN:4D29306 | Per agreement | Forfeited |
| 225 | Revolver | 19-ATF-012092 | Smith & Wesson 38 Revolver CAL:38 SN:1K62359 | Per agreement | Return lawful third party |
| 226 | Revolver | 19-ATF-012098 | Smith & Wesson 19-4 Revolver CAL:357 SN:84K6159 | Per agreement | Forfeited |
| 227 | Revolver | 19-ATF-012099 | Smith & Wesson 15-4 Revolver CAL:38 SN:8K60662 | Per agreement | Return lawful third party |
| 228 | Rifle | 19-ATF-011440 | Ruger 10/22 Rifle CAL:22 SN:243-54295 | Per agreement | Return lawful third party |
| 229 | Rifle | 19-ATF-011441 | DC Industries NDS-3 Rifle CAL:762 SN:3005413 | Unlawful NFA | Forfeited |
| 230 | Rifle | 19-ATF-011443 | Century Arms International R1A1 Sporter Rifle CAL:308 SN:NC002182 | Unlawful CA AW | Forfeited |
| 231 | Rifle | 19-ATF-011444 | Beretta, Pietro S.P.A. AR70 Rifle CAL:223 SN:M32313 | Unlawful CA AW | Forfeited |
| 232 | Rifle | 19-ATF-011447 | Del-Ton Inc. DTI-15 Rifle CAL:556 SN:S030302 | Unlawful CA AW | Forfeited |
| 233 | Rifle | 19-ATF-011449 | Century Arms International Tantal Sporter Rifle CAL:545 SN:TTI02180 | Unlawful CA AW | Forfeited |

| | | | | | |
|---|---|---|---|---|---|
| 234 | Rifle | 19-ATF-011450 | Russian M91/30 Rifle CAL:762 SN:913006262 | Per agreement | Forfeited |
| 235 | Rifle | 19-ATF-011454 | Norinco (North China Industries) 56S-1 Rifle CAL:762 SN:517340 | Unlawful CA AW | Forfeited |
| 236 | Rifle | 19-ATF-011455 | Century Arms International VZ2008 Rifle CAL:762 SN:VZ00454 | Unlawful CA AW | Forfeited |
| 237 | Rifle | 19-ATF-011456 | Century Arms International VZ2008 Rifle CAL:762 SN:VZ04311 | Unlawful CA AW | Forfeited |
| 238 | Rifle | 19-ATF-011481 | Norinco (North China Industries) SKS Rifle CAL:762 SN:34838 | Per agreement | Forfeited |
| 239 | Rifle | 19-ATF-011486 | Del-Ton Inc. DTI-15 Rifle CAL:556 SN:B-46610 | Unlawful CA AW | Forfeited |
| 240 | Rifle | 19-ATF-011487 | Romarm/Cugir GP WASR 10/63 Rifle CAL:762 SN:AE-4821-80 | Unlawful CA AW | Forfeited |
| 241 | Rifle | 19-ATF-011488 | Yugoslavia 59/66 Rifle CAL:762 SN:T-678671 | Per agreement | Return lawful third party |
| 242 | Rifle | 19-ATF-011490 | Ruger PC Carbine Rifle CAL:9 SN:910-75012 | Unlawful CA AW | Forfeited |
| 243 | Rifle | 19-ATF-011503 | Savage Axis Rifle CAL:308 SN:H507665 | Per agreement | Forfeited |
| 244 | Rifle | 19-ATF-011506 | Century Arms International VZ2008 Rifle CAL:762 SN:VZ00644 | Unlawful CA AW | Forfeited |
| 245 | Rifle | 19-ATF-011510 | Century Arms International Golani Sporter Rifle CAL:223 SN:GLN00899 | Unlawful CA AW | Forfeited |
| 246 | Rifle | 19-ATF-011511 | Remington Arms Company, Inc. 783 Rifle CAL:270 SN:RM56899F | Per agreement | Return lawful third party |
| 247 | Rifle | 19-ATF-011529 | CMMG Inc. MOD4 SA Rifle CAL:223 SN:SA02634 | Unlawful CA AW | Forfeited |
| 248 | Rifle | 19-ATF-011562 | Beretta USA Corp Cx4 Storm Rifle CAL:9 SN:CX01460 | Unlawful CA AW | Forfeited |
| 249 | Rifle | 19-ATF-011568 | Ruger Unknown Rifle CAL:30-06 SN:692-00151 | Per agreement | Forfeited |
| 250 | Rifle | 19-ATF-011592 | Romarm/Cugir AES-10 Rifle CAL:762 SN:AS1-01680-06 | Unlawful CA AW | Forfeited |

| 251 | Rifle | 19-ATF-011602 | Daewoo K2 Rifle CAL:556 SN:437789 | Unlawful CA AW | Forfeited |
| 252 | Shotgun | 19-ATF-011500 | Winchester 1300 Defender Shotgun CAL:12 SN:L2483179 | Per agreement | Return lawful third party |
| 253 | Shotgun | 19-ATF-011502 | Remington Arms Company, Inc. 1100 Tactical Shotgun CAL:12 SN:R274204V | Per agreement | Forfeited |
| 254 | Shotgun | 19-ATF-011524 | Beretta USA Corp Unknown Shotgun CAL:12 SN:X25272E | Per agreement | Forfeited |
| 255 | Shotgun | 19-ATF-011532 | Remington Arms Company, Inc. Unknown Shotgun CAL:12 SN:C026320M | Per agreement | Return lawful third party |
| 256 | Shotgun | 19-ATF-011553 | Winchester 1400 Shotgun CAL:12 SN:N1176284 | Per agreement | Forfeited |
| 257 | Shotgun | 19-ATF-011554 | Mossberg Silver Reserve Shotgun CAL:12 SN:TR12011358 | Per agreement | Return lawful third party |
| 258 | Shotgun | 19-ATF-011577 | Mossberg 930 Shotgun CAL:12 SN:AF067933 | Per agreement | Forfeited |